**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

In re: MARIE F. DELVA                                  Case No.: 25-bk-10627
                                                                   Chapter 13

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

NOW COMES Preferred Property Solutions LLC ("Movant"), by and through its undersigned

counsel, and hereby moves this Honorable Court for an Order granting relief from the automatic

stay pursuant to 11 U.S.C. § 362(d), and Federal Rule of Bankruptcy Procedure 4001(a)(3), and

in support thereof states as follows:

### I. JURISDICTION AND VENUE

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.

2. This is a core proceeding under 28 U.S.C. § 157(b)(2)(G).

3. Venue is proper pursuant to 28 U.S.C. § 1409.

4. The statutory predicate for the relief requested herein is 11 U.S.C. § 362(d).

### II. BACKGROUND

5. Marie F. Delva (the "Debtor") is an individual who is believed to be residing at 58 Pekin
   Street, Providence, RI (the "Property").

6. Jean Marie Delva ("Mr. Delva", together with the Debtor, the "Delvas") is an individual
   who is believed to be residing at the Property and the ex-husband of the Debtor.

7. Joana Delva is an individual believed to be residing at 58 Pekin Street, Providence, RI.

8. Joana Delva is the daughter of the Delvas.

9. Movant is a Massachusetts limited liability company with a business address of 20
   Commerce Way Ste 10-337, Seekonk, Massachusetts.

10. Movant is registered to do business with the Rhode Island Secretary of State.

11. In the spring of 2023, the Delvas were facing a foreclosure of the Property.

12. Upon information and belief, prior to the scheduled date of the foreclosure, Lowell
Williams ("Williams") met with the Debtor and Joana Delva to discuss the possibility of
avoiding foreclosure of the Property.

13. Upon information and belief, subsequent to his meeting with the Debtor and Joana Delva,
Williams and Joana Delva had a series of discussions.

14. Upon information and belief, Williams indicated to Joana Delva that he knew someone
whom he could contact to see if they would be interested in  purchasing the Property.

15. Subsequent to his discussions with Joana Delva, Williams contacted Kyle Seyboth (a
member of the Movant) ("Seyboth") to ascertain if Seyboth would be interested in
purchasing the Property prior to foreclosure for $100,000.

16. Willliams had worked as a contractor on construction projects of Seyboth and would
refer real estate opportunities to Seyboth from time to time.

17. Seyboth does not employ Williams nor invest with Williams.

18. After his discussion with Williams, Seyboth reviewed the Property online and
communicated to Williams that he would be willing to pay the $100,000 asking price for
the Property.

19. Subsequently, Williams asked Seyboth if he would be willing to provide Joana Delva one
year in which to purchase the Property from the date of the conveyance of the Property
from the Delvas.

20. After discussions with Christopher Messier ("Messier") (a member of Movant), Seyboth communicated that he would be willing to hold the Property for a year and allow Joana Delva to purchase the Property within that one-year period for $280,000.

21. Upon information and belief, Williams communicated with Joana Delva about the proposed structure of a sale to Seyboth and the agreement to hold the Property for one year to allow Joana to purchase the Property for $280,000.

22. Upon information and belief, Williams communicated with the Debtor about the proposed structure of a sale to Seyboth and the agreement to hold the Property for up to one year to allow Joana to purchase the Property for $280,000 in that one-year period.

23. On or about June 28, 2023, the Delvas entered into a purchase and sale agreement (the "Delvas PSA") to sell the Property to Movant for $100,000.

24. On or about June 29, 2023, Movant entered into a purchase and sale agreement with Joana Delva to sell the Property to Joana Delva for $280,000.

25. On or about July 24, 2023, Mr. Delva and Debtor executed and delivered a deed (the "Deed") transferring the Property to Movant.

26. A true and accurate copy of the Deed is annexed hereto as Exhibit A.

27. At no time prior to the execution and recording of the deed for the Property did Messier and/or Seyboth indicate to the Delvas, Joana Delva and/or Williams that the transaction would be anything other than a sale of the Property pursuant to the terms of the Delvas PSA.

28. Neither Seyboth nor Messier were present at the closing of the sale of the Property at which the Delvas signed the deed conveying the Property to the Movant.

29. At the closing of the sale, the closing attorney explained the closing transaction to the Delvas and Joana Delva who was also present.

30. Joana Delva failed to purchase the Property on or before the closing date set forth in the Joana Delva PSA.

31. Subsequent to the failure of Joana Delva to purchase the Property, the Movant began marketing the Property for sale.

32. Subsequent to the Movant's efforts to the sell the Property, the Delvas and/or one of their children contacted the Office of the Attorney General for the State of Rhode Island (the "AG's Office").

33. Based upon inaccurate allegations made by one or more of the Delvas, Joana Delva and or Sheila Delva (who is a daughter of the Delvas), the AG's Office commenced an action alleging false and deceptive practices by the Movant, in the Providence Superior Court Case No.: 2024-05896 (the "Superior Court Action').

34. The AG's Office moved for a preliminary injunction to enjoin the Movant's sale of the Property in the Superior Court Action.

35. Through discovery conducted in the Superior Court Action, it is clear that the Debtor and Joana Delva made inaccurate statements to the AG's Office, inclusive of contradictory and inaccurate statements in deposition testimony and/or affidavits filed with the Providence Superior Court.

36. A copy of the Movant's Memorandum in Support of its Objection to the Motion for Preliminary Injunction filed by the AG's Office, detailing many of the misstatements and inaccuracies made by the Debtor in relation to that proceeding is annexed hereto as Exhibit B.

37. After an extensive evidentiary hearing, the Providence Superior Court denied the Motion for Preliminary Injunction filed in the Superior Court Action.

38. Despite the transfer of title to Movant more than one year prior to the commencement of this bankruptcy case, the Property is listed in the Debtor's bankruptcy schedules as being owned by Marie F. Delva.

39. Movant holds legal and equitable title to the Property and the Debtor has no legal or equitable interest in the Property as of the petition date.

40. Upon information and belief, the Delvas, Joana Delva and other persons related to the Delvas have continued to reside at the Property without any compensation to the Movant.

41. Movant seeks relief from the automatic stay with respect to the Property and the Debtor in order to prevent any potential cloud or impairment of title arising from the inaccurate schedules filed by the Debtor and to permit the Movant to evict the Debtor from the Property.

42. Movant has filed contemporaneously herewith the Motion for Relief Worksheet required by Local Rule in all Chapter 13 cases.

## III. BASIS FOR RELIEF

43. Cause exists to grant relief from the automatic stay under 11 U.S.C. § 362(d)(1), including but not limited to:

   a. The Debtor has no legal or equitable interest in the Property;

   b. The Property was transferred to Movant prepetition and is not property of the bankruptcy estate under 11 U.S.C. § 541;

   c.  Maintenance of the stay serves no legitimate bankruptcy purpose and impairs Movant's rights in the Property.

44. Cause exists to grant relief from the automatic stay under 11 U.S.C. § 362(d)(2), as the

Debtor has no equity in the Property and the Property is not necessary for an effective

reorganization.

45. Movant seeks authority to proceed with all actions necessary under state law to confirm

and protect its interest in the Property, including but not limited to eviction actions and/or

quiet title proceedings as may be necessary and appropriate.

## IV. RELIEF REQUESTED

WHEREFORE, Movant respectfully requests that this Honorable Court enter an Order:

A. Granting relief from the automatic stay pursuant to 11 U.S.C. § 362(d)(1) and/or (d)(2) to

allow Movant to enforce its rights with respect to the real property located at 58 Pekin

Street, Providence, Rhode Island;

B. Waiving the 14-day stay imposed by Bankruptcy Rule 4001(a)(3); and

C. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted,

**PREFERRED PROPERTY SOLUTIONS LLC**,
By its attorney,

/s/ *Thomas E. Carlotto*
Thomas E. Carlotto, Esq.
RI Bar # 6088
DarrowEverett LLP
1 Turks Head Place, 12th Floor
Providence, RI 02903
401-523-1200 (tel)
401-523-1201 (fax)
tcarlotto@darroweverett.com
Dated: December 2, 2025

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

In re: MARIE F. DELVA                                      Case No.: 25-bk-10627
                                                          Chapter 13

                                                          December 2, 2025

**<u>NOTICE</u>**

Within fourteen (14) days after service of the foregoing Motion, if served electronically, as evidenced by the certification below, and an additional three (3) days pursuant to Fed. R. Bankr. P. 9006(f), if you were served by mail or other excepted means specified, any party against whom this paper has been served, or any other party to this action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this Motion with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted, unless: (1) the requested relief is prohibited by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise. Fed. R. Bankr. P. 9013-2(a)(1).

<u>Certificate of Service</u>

I hereby certify that I served the foregoing Motion for Relief upon the following via ECF on December 2 , 2025:

Janet Goldman, Esq.
Debtor's Counsel
jgoldmanlawri@jggoldman.com

Charles Pisaturo, Esq.
Chapter 13 Trustee
mail@13ritrustee.com

Office of the US. Trustee
Sandra Nicholls, Esq.
ustpregion01.pr.ecf@usdoj.gov

I hereby certify that I served the foregoing Motion for Relief upon the following via regular mail on December 3, 2025.

Marie F. Delva
58 Pekin Street
Providence, RI 02908
Debtor

Jean Marie Delva
58 Pekin Street
Providence, RI 02908

Tax Collector
City of Providence
25 Dorrance Street
Providence, RI 02903

/s/ *Thomas E. Carlotto*
Thomas E. Carlotto, Esq.