**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| In re:  Marie F. Delva | BK No.: 25-10627 |
| Debtor(s) | Chapter 13 |

**OBJECTION TO MOTION FOR RELIEF FROM STAY**

NOW comes the Debtor, Marie F. Delva, and hereby objects to the Motion for Relief filed by Preferred Property Solutions LLC ("PPS").

In support of this Objection Debtor states the following:

1. The Debtor, and her former husband Jean Marie Delva, still own the property at 53 Pekin Street, Providence, Rhode Island, 02908 (the "Property") as indicated in the Debtor's schedule A. PPS's assertion that it owns the property is based upon documents obtained through a well-orchestrated fraud, structured as a "foreclosure rescue" scam to deprive the Debtor and her former husband, immigrants with limited English proficiency, of hundreds of thousands of dollars of exempt equity in the Property.

2. As much as PPS would like to simply produce an executed deed as conclusive evidence of its ownership of the Property, Rhode Island law demands more. In order for the Debtor and Mr. Delva to have effectively conveyed their interest in the Property to PPS they must have had the present intention to fully divest themselves of title to the Property and convey that title to PPS. See Lambert v. Lambert, 77 R.I. 463, 468, 77 A.2d 325, 327 (1950) (stating, "'a grantor's present intent to absolutely divest himself of the title to the property by virtue of the deed

is essential to a valid delivery.' Possession of the instrument is a circumstance that may be of importance in determining the intention of the grantor at the time of delivery, but it is not necessarily controlling.")

3. When executing the conveyances upon which Lender relies to establish its ownership of the Property, the Debtor believed she was refinancing the Property and was lured into the trap set by PPS, and those affiliated with it, through a promise that the Debtor would retain ownership of the Property.

4. Now, PPS seeks relief from stay for cause under 11 U.S.C. § 362(d)(1) claiming to be the owner of the Property who is receiving no rent for the continued occupancy of the property by the Debtor.

5. This claim, however, only reveals the true nature of the transaction through which PPS claims to have acquired title to the Property. As explained by PPS, it relies upon July 24, 2023, deed to establish its ownership of the Property. As much as PPS now claims to be entitled to "rent" for the Property, it does not state that any agreement for payment of rent, use and occupancy, or other compensation ever existed between the Debtor and PPS much less explain the terms of any such agreement. PPS does not allege the existence of any terms for the Delvas continued use and occupancy of the Property because it permitted the Delvas to continue to occupy the Property after the alleged conveyance with the full understanding that the Delvas never intended to leave the Property nor to sell their Property to PPS for $100,000.00. Indeed, since the alleged sale of the Property to PPS, the Delvas, and not PPS, have maintained water service in their name, paid the applicable real estate taxes for the Property, maintained the Property and done

all other things that an owner would be expected to do. PPS, on the other hand, has done nothing by attempt to sell the Property, which it acquired for $100,000.00, for an asking price of $450,000.00 to complete its effort to steal the Delvas equity in the Property.

6. In reality, PPS extended $100,000.00 of usurious financing to the Delvas to prevent a foreclosure of the Property following the Delvas' default under a preexisting mortgage with an outstanding balance of less than $70,000.00. PPS did so on the assumption that the Delvas would either: (a) repay $280,000.00 to PPS within a year (an effective interest rate that is an order of magnitude higher than Rhode Island's usury limit); or (b) failing that, that PPS would sell the Delva's property for more than four times the amount of money PPS advanced.

7. Even assuming that the Debtor had effectively conveyed her interest in the Property to PPS for $100,000.00, which she did not, such a transfer would constitute a patently fraudulent transfer for less than reasonably equivalent value that is recoverable under 11 U.S.C. §§ 522, 544 and applicable law.

8. PPS's motion does not indicate that the Property is depreciating, that it is entitled to any compensation from the Debtor for her use and occupancy of the Property, or that PPS's interest in the Property, if any, is not adequately protected. In light of the foregoing, there is no cause to grant relief from the automatic stay.

9. Further, PPS seeks a waiver of the 14 day stay provided under Fed. R. Bankr. P. 4001(a)(3), but PPS does not even attempt to show the cause, such as immediate jeopardy to the Property or other compelling circumstances, that would be required to justify such a waiver under the circumstances.

10. Debtor has recently filed an application to employ Steven J. Boyajian to represent her with respect to the filing of an adversary complaint against the PPS and those participants in the scheme through which PPS has tried to steal the exempt equity in the Property.

For the foregoing reasons, and for any other reasons that may be set forth on the record of a hearing on PPS's motion, the Debtor prays that the Motion for Relief be denied as filed.

                                                             Marie F. Delva
                                                          By her Attorney,

Date: 12/16/2025                       /s/ Janet J. Goldman
                                                    Janet J. Goldman, Esquire
                                                    Bar Number: 4081
                                                    51 Jefferson Boulevard
                                                    Warwick, RI 02888
                                                    (401)785-2300

Within fourteen (14) days after service, if served electronically, as evidenced by the certification, and an additional three (3) days pursuant to Fed. R. Bank. P. 9006(f) if served by mail or other excepted means specified, any party against whom such paper has been served, or any other party who objects to the relief sought, shall serve and file an objection or other appropriate response to said paper with the Bankruptcy Court Clerk's Office, 380 Westminster Street, 6th Floor, Providence, RI 02903, (401) 626-3100. If no objection or other response is timely filed, the paper will be deemed unopposed and will be granted unless: (1) the requested relief is forbidden by law; (2) the requested relief is against public policy; or (3) in the opinion of the Court, the interest of justice requires otherwise.

ADMINISTRATIVE GENERAL ORDER--FORM B

UNITED STATES BANKRUPTCY
COURT FOR THE DISTRICT OF
RHODE ISLAND

\- - - - - - - - - - - - - - - - - - - - - - - - - - *

In re:   Marie F. Delva

BK No. 25-10627

Debtor(s)   :   Chapter 13

\- - - - - - - - - - - - - - - - - - - - - - - - - *

**CERTIFICATE OF SERVICE**

I, Rebecca L. Goldman, state that on <u>*December 16, 2025*</u>, I electronically filed the foregoing document with the United States Bankruptcy Court for the District of Rhode Island on behalf of Marie F. Delva using the CM/ECF System. The following participants have received notice electronically:

**Sandra Nicholls, AUST, US Trustee**
**Charles A. Pisaturo, Jr., Chapter 13 Trustee**
**Thomas E. Carlotto, Esq.**

I have mailed by first class mail, postage pre-paid, the documents electronically filed with the Court on the following non-CM/ECF participants:

See attached list;

T-Mobile/T-Mobile USA Inc
By AIS InfoSource, LP as agent
4515 N Santa Fe Ave
Oklahoma City, OK 73118

Internal Revenue Service
PO Box 7346
Philadelphia, PA 19101

State of RI – Labor and Training
Legal Department
Bldg 72 3rd Floor
1511 Pontiac Avenue
Cranston, RI 02920-4407

/s/ **Rebecca L. Goldman**

| | | |
|---|---|---|
| Label Matrix for local noticing<br>0103-1<br>Case 1:25-bk-10627<br>District of Rhode Island<br>Providence<br>Tue Dec 16 17:31:14 EST 2025 | T Mobile/T-Mobile USA Inc<br>by AIS Infosource, LP as agent<br>PO Box 248848<br>Oklahoma City, OK  73124-8848 | End of Label Matrix<br>Mailable recipients    1<br>Bypassed recipients    0<br>Total                  1 |